UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE KURASZEWICZ, <br><br> Plaintiff, <br><br> -against- <br><br> GC SERVICES, LP, <br><br> Defendant. | **COMPLAINT** <br><br> Case No. 5:13-CV-0008 (MAD/ATB) |

NOW COMES Plaintiff, Michelle Kuraszewicz ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, GC Services, LP ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Parties

2. Plaintiff is a natural person residing in Syracuse, Onondaga County, New York.

3. Plaintiff is obligated or allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a business entity with an office located at 6330 Gulfton, Houston, Texas.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of New York establishing personal jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

10. Defendant has been contacting Plaintiff attempting to collect a debt from Plaintiff on behalf of another company, which Plaintiff believes to be Chase.

11. Upon information and belief, Defendant is attempting to collect from Plaintiff a debt that arises from transactions that were for personal, family and household purposes.

12. Around mid to late October 2012, Defendant started places telephone calls to Plaintiff on her cellular telephone (315-569-99xx) in its collection attempts.

13. In November 2012, Defendant made a collection call to Plaintiff's cellular telephone, 315-569-99xx, and left Plaintiff a voicemail as she was unable to answer the call, thus Defendant left her a voicemail. *See* transcribed message as Exhibit A hereto.

14. In its message, Defendant provided Plaintiff with the collector's personal name and a telephone number, 866-862-2793, for Plaintiff to call. *See* Exhibit A.

15. To attempt to obtain Plaintiff's return phone call, Defendant stated that "it's important" for Plaintiff to call back. *See* Exhibit A.

16. Defendant's message never identifies its business name for Plaintiff. *See* Exhibit A.

17. Defendant also failed to inform Plaintiff that it is a debt collector or otherwise apprise Plaintiff of the nature and purpose of its calls. *See* Exhibit A.

18. Defendant uses deceptive and misleading in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector, in order to get a return phone call from Plaintiff.

19. Additionally, on or about October 22, 2012, Defendant's collector, Debora Schab, called Plaintiff at her place of employment and spoke to Plaintiff.

20. Plaintiff informed Defendant that she cannot take Defendant's calls at work, and provided Defendant with an alternate telephone number to call.

21. Despite Plaintiff's instruction not to call her at work and providing of an alternate telephone number to call, Defendant placed at least two additional telephone calls to Plaintiff at her place of employment after her instruction.

## CLAIM FOR RELIEF

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff at a place, her place of employment, which Defendant knew or should have known was inconvenient;

   b. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at her place of employment when Defendant knew or should have known that its calls were prohibited;

    c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

    d. Defendant violated §1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff;

    e. Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect the debt; and

    f. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

23. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

(2) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(3) Awarding such other and further relief as may be just, proper and equitable.

Dated: January 3, 2013                                      KROHN & MOSS, LTD.

                                                                   By: /s/ Adam Hill
                                                                       Adam T. Hill
                                                                       KROHN & MOSS, LTD.
                                                                       10 N. Dearborn St., 3rd Fl.
                                                                       Chicago, Illinois 60602
                                                                       Telephone: 312-578-9428
                                                                       Telefax: 866-802-0021
                                                                       ahill@consumerlawcenter.com
                                                                       Attorneys for Plaintiff